UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID J. KATHRENS, | ) | CASE NO.   C05-1831-JCC |
| | ) | (CR03-515-JCC) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed a response, raising the statute of limitations as a bar to the court's consideration of petitioner's motion. Petitioner has not filed a reply to the government's response. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(1).

## PROCEDURAL HISTORY

Petitioner pled guilty to being a felon in possession of a firearm and was sentenced on June 25, 2004 to 84 months of imprisonment. (Doc. #26 in Case No. CR03-515C). Petitioner did not

REPORT AND RECOMMENDATION
PAGE -1

file a direct appeal. On September 20, 2005, petitioner signed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. It was received by the Clerk and filed on November 4, 2005. (Doc. #1).

On November 17, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Doc. #6). The government filed its response to petitioner's § 2255 motion on December 27, 2005. (Doc. #11). Petitioner has twice requested and received extensions of time to file a reply to the government's response, but he has failed to do so. Petitioner's most recent extension of time expired on April 24, 2006. (Doc. #22). The matter is now ready for review.

## DISCUSSION

In his § 2255 motion, petitioner raises an initial issue in "Part I" (Doc. #1) regarding the denial of his right to appeal, followed by several other issues in "Part II" (Doc. #3). In its response, the government argues that petitioner's motion is untimely and therefore barred from review. (Doc. #11). Because the court finds that the government's position on the timeliness question is correct, the court need not reach the merits of petitioner's claims.

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This one-year statute of limitations begins to run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

REPORT AND RECOMMENDATION
PAGE -2

    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Subsections 2-4 of this statute are effectively exceptions to the general one-year limit set forth in subsection 1. Petitioner has not argued that any of these exceptions apply, nor has he argued that the statute of limitations was equitably tolled by extraordinary circumstances beyond his control. *See United States v. Battles*, 362 F.3d 1195, 1996-97 (9th Cir. 2004). Thus, the general rule applies, and the statute of limitations began running here on the date that petitioner's conviction became "final." *See* 28 U.S.C. § 2255(1).

Generally, a conviction becomes "final" when the time for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). However, petitioner here pled guilty and did not appeal to the Court of Appeals for the Ninth Circuit. Therefore, he was not eligible to file a petition for *certiorari* to the Supreme Court, because the Supreme Court only accepts such petitions if the petitions challenge decisions by a "state court of last resort or a United States court of appeals." *See* S. Ct. Rule 13(1). Accordingly, petitioner's conviction became "final," for purposes of AEDPA's statute of limitations, when the opportunity to file an appeal with the Ninth Circuit expired, or ten days after final judgment was entered in his criminal case. *See* Fed. R. App. P. 4(b)(1)(A). Since judgment was entered on June 25, 2004, petitioner's conviction became final on July 5, 2004. The one-year statute of limitations under AEDPA accordingly expired on July 5, 2005.

Petitioner filed the instant § 2255 motion on the day that he delivered the motion to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Assuming

REPORT AND RECOMMENDATION
PAGE -3

that he gave the motion to prison officials on the day that he signed it, petitioner filed the motion, at the earliest, on September 20, 2005. (Doc. #1 at 21). Thus, petitioner filed the motion approximately two and a half months after AEDPA's statute of limitations had expired, and it is now barred from consideration by this Court.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 2nd day of May, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge